UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA J. GIPSON,<br><br>                Petitioner<br><br>v.<br><br>JEREMY BEAN, *et al.*,<br><br>                Respondents | Case No. 2:23-cv-00099-CDS-DJA<br><br>SCREENING ORDER |

    *Pro se* Petitioner Joshua Gipson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1-1 ("Petition"). Gipson also filed a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 1. This matter comes before the court on initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"). I grant Gipson's IFP application and, for the reasons discussed below, I direct service of the Petition.

I.    BACKGROUND[1]

    Gipson challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Joshua Gipson*, case no. C-19-338507-1. On December 28, 2020, the state court entered a judgment of conviction, pursuant to a plea of guilty but mentally ill, for conspiracy to commit robbery, robbery with the use of a deadly weapon, and battery with the use of a deadly weapon resulting in substantial bodily harm. Gipson was sentenced to an aggregate term of 15 to 40 years. Gipson did not file a direct appeal.

    On August 27, 2021, Gipson filed a state petition for writ of habeas corpus. *Joshua Gipson v. State of Nevada*, case number A-21-840211-W. The state court denied post-conviction relief on November 20, 2021. Gipson filed a post-conviction appeal, and the Nevada Court of Appeals affirmed on June 23, 2022. Remittitur issued on July 18, 2022. On October 19, 2022, the state

---

[1] I take judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. These docket records may be accessed by the public online at: https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

court entered an amended judgment of conviction,[2] amending Gipson's credit for time served from 676 days to 740 days. On or about January 19, 2023, Gipson initiated this federal habeas corpus proceeding. ECF No. 1-1.

II. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). I find that a response is warranted in the instant case.

III. CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that the Clerk of Court is instructed to (1) file the petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents, and (3) electronically serve the Nevada Attorney General with the petition (ECF No. 1-1), a copy of this order, and all other filings in this matter by regenerating the notices of electronic filing.

It is further ordered that Respondents will have 60 days from the date the petition is electronically served to appear in this action and answer or otherwise respond to the petition.

It is further ordered that if Respondents file an answer to the petition, Gipson will have 30 days to file a reply to the answer. If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from

---

[2] When a state court issues an amended judgment of conviction, it is considered "a new judgment, starting a new one-year statute of limitations." *Smith v. Williams*, 871 F.3d 684, 688 (9th Cir. 2017) (reasoning that the amended judgment is "the one pursuant to which the petitioner is incarcerated").

such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file the state court exhibits relevant to their response to the petition in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (e.g., ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (e.g., Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that the hard copy of any exhibits shall be delivered–for this case–to the Reno Clerk's Office. Courtesy copies of exhibits shall <u>not</u> be provided.

DATED this 20th day of January 2023.

_____
UNITED STATES DISTRICT JUDGE