UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA J. GIPSON,<br><br>                        Petitioner<br><br>v.<br><br>JEREMY BEAN, *et al.*,<br><br>                        Respondents | Case No. 2:23-cv-00099-CDS-DJA<br><br>ORDER APPOINTING COUNSEL |

Pro se Petitioner Joshua Gipson transmitted his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on or about January 19, 2023. ECF No. 4 ("Petition"). I conducted an initial review of the Petition under the Rules Governing Section 2254 Cases and directed service of the Petition. ECF No. 3. On February 2, 2023, Gipson moved for the appointment of counsel.

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196.

Following another review of Gipson's Petition and the motion for appointment of counsel, I provisionally appoint the Federal Public Defender to represent Gipson. I find that appointment of counsel is in the interests of justice given, among other things, Gipson's lengthy sentence and mental health issues.[1]

---

[1] Notably, Gipson pleaded guilty but mentally ill to conspiracy to commit robbery, robbery with the use of a deadly weapon, and battery with the use of a deadly weapon resulting in substantial bodily harm. Also, Gipson represents that he suffers from bipolar schizophrenia. ECF No. 6 at 4.

1 It is therefore ordered that the motion for appointment of counsel [ECF No. 6] is granted.

It is further ordered that the clerk electronically serve the Federal Public Defender a copy of (1) this order, (2) the petition [ECF No. 4], and (3) the January 20, 2023, order [ECF No. 3]. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Gipson by filing a notice of appearance or (2) indicate the office's inability to represent Gipson in these proceedings. If the Federal Public Defender is unable to represent Gipson, I will appoint alternate counsel. Appointed counsel will represent Gipson in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. I anticipate a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Gipson remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the clerk send a copy of this order to Gipson and the CJA Coordinator for this division.

It is further ordered that Respondents' deadline for answering or otherwise responding to the Petition is vacated in light of this order. A new scheduling order will be entered following the appearance of Gipson's counsel.

DATED: February 7, 2023

_____
UNITED STATES DISTRICT JUDGE