# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Joshua J. Gipson,

    Petitioner

v.

Ronald Oliver, et al.,

    Respondents

Case No. 2:23-cv-00099-CDS-DJA

**Order Granting Motion to File Second-Amended Petition**

[ECF No. 21]

    I previously appointed counsel for petitioner Joshua J. Gipson in this habeas corpus action. ECF No. 12. On November 17, 2023, Gipson timely filed his counseled first-amended petition and moved for leave to file a second-amended petition. ECF Nos. 17, 21. Respondents opposed Gipson's motion, and Gipson replied. ECF Nos. 22, 24.

    In his motion, Gipson states that he filed his first-amended petition as a protective petition to ensure that all the claims would be preserved as timely filed. ECF No. 21 at 2. Gipson requests leave to file a second-amended petition because his counsel is still investigating the case. *Id.* As such, Gipson requests that I waive the requirement of LR 15-1(a), which generally requires a party to attach the proposed amended pleading to a motion seeking leave of court to amend, explaining that he does not yet know the outcome of the remaining investigation. *Id.* at 3.

    Local Rule 15-1(a) states that a proposed amended pleading must be submitted with the motion for leave to amend unless otherwise permitted by the court. When the court appoints counsel to represent habeas corpus petitioners, as a matter of course it gives counsel leave to file an amended petition. The only difference here is that counsel is trying to file a petition before the one-year deadline to minimize the probability that grounds for relief would not relate back to a timely petition. I find no reason to depart from this usual practice in habeas corpus cases of allowing amended petitions under these circumstances. Moreover, under Federal Rule of Civil

Procedure 15(a)(2), a party may amend a pleading with the court's leave, and "[t]he court should freely give leave when justice so requires."

Accordingly, I find that there is good cause for Gipson to file a second-amended habeas petition, so I grant the motion and waive the requirement of LR 15-1(a). This order does not, however, affect, in any manner, the operation of the statute of limitations in this case, and I do not mean in this order to convey any opinion whatsoever about when the limitations period expires (or expired).

It is therefore ordered that the motion for leave to file a second-amended petition **[ECF No. 21] is granted**. Gipson has 60 days from the date of this order to file a second-amended petition. In all other respects, the schedule for further proceedings set forth in the order entered March 8, 2023 (ECF No. 12) remains in effect.

DATED: December 8, 2023

_____
UNITED STATES DISTRICT JUDGE