UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Joshua J. Gipson, | Case No. 2:23-cv-00099-CDS-DJA |
| Petitioner | **Order Granting Motion for Discovery** |
| v. | |
| Ronald Oliver, et al., | [ECF No. 35] |
| Respondents | |

This habeas matter is before this Court on counseled petitioner Joshua J. Gipson's motion for discovery. ECF No. 35. Respondents opposed the motion, and Gipson replied. ECF Nos. 38, 41. For the reasons discussed below, the Court grants the motion.

I.      Background

On December 28, 2020, following a plea of guilty but mentally ill, Gipson was adjudged guilty of conspiracy to commit robbery, robbery with the use of a deadly weapon, and battery with the use of a deadly weapon resulting in substantial bodily harm. ECF No. 18-4. Gipson was sentenced to an aggregate of 15 to 40 years in prison. *Id*. Gipson petitioned the state court for post-conviction relief. ECF No. 18-8. The state court denied Gipson post-conviction relief, Gipson appealed, and the Nevada Court of Appeals affirmed. ECF Nos. 18-10, 18-20.

Gipson commenced this federal habeas action on January 19, 2023. ECF No. 1. This Court granted Gipson's motion for appointment of counsel and appointed the Federal Public Defender to represent Gipson. ECF Nos. 10, 12. Gipson filed his First Amended Petition on November 17, 2023, and has been granted leave to file a Second Amended Petition. ECF Nos. 17, 25.

In ground 4 of his First Amended Petition, Gipson argues that his trial counsel was ineffective for failing to investigate possible defense to the charges, including hiring a ballistics expert. ECF No. 17 at 23. Related to this ground, in his current motion, Gipson requests discovery of the following items from the Las Vegas Metropolitan Police Department in connection with

Eighth Judicial District Court case number C-19-338507, Las Vegas Event No. 170915-003876 and/or No. 170915-003879:

> 1. CSA Report detailing where the items in Impound Pkg #14079-1 were collected from.
> 2. Copies of the bench reports, examiner notes, and examiner photographs for Firearms Reports 2017-10-30 (Lab Case #17.09232.1) and 2018-10-05 (Lab Case # 17-09232.2 – Lab Nos. 17-09232 & 18-00144).
> 3. To know whether the Las Vegas Metropolitan Police Department ever examined the three .40 caliber cartridge cases reportedly collected from the crime scene and given to police on March 2, 2019, per Officer Jones report for Event # 170915-003876, and if so to receive copies of the bench reports, examiner notes, and examiner photographs.
> 4. If either of the two preceding items are unavailable, release of .40 cartridge casings as well as all bullets, bullet jacket fragments, and bullet core fragments collected during the investigation in this case—specifically Event No. 170915- 3876 Impound Pkg Nos. 013177-2, 013177-3, 013177-4, 014079-1—to the Forensic Analytical Crime Lab at 2777 Depot Road, Suite 403, Hayward, California, 94545, for examination and testing.

ECF No. 35 at 3.

II.     **Governing Law**

Discovery in habeas matters is governed by Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which states: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of [their] discretion and for good cause shown grants leave to do so, but not otherwise." The Supreme Court has construed Rule 6, holding that if through "specific allegations before the court," the petitioner can "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). This inquiry is informed by the essential elements of the claims for which petitioner seeks discovery. *Id.* at 904. Thus, the purpose of discovery in a habeas proceeding is not to develop new claims, but, rather, to develop factual support for specific allegations contained in existing claims. *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) ("Habeas is an important safeguard whose goal is to correct real and obvious wrongs. It was never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'").

### III. Analysis

Respondents oppose Gipson's motion for discovery, arguing that (1) the motion is premature given that Gipson has yet to file his Second Amended Petition, (2) Gipson was not diligent in trying to obtain the requested evidence in state court, and (3) Gipson fails to show good cause for discovery. ECF No. 38. Gipson rebuts that (1) his requested discovery relates to ground 4 of his First Amended Petition, negating the need for a Second Amended Petition to be filed before the motion for discovery is ruled upon, (2) he was not granted a post-conviction evidentiary hearing, was incarcerated, and was unrepresented during state post-conviction proceedings, making it impossible for him to have obtained the requested evidence in state court, and (3) he can show good cause because items 1 through 3 should have been turned over during pre-trial discovery and should be a part of the District Attorney's case file or in the possession of the Las Vegas Metropolitan Police Department's Crime Lab. *See* Nev. Rev. Stat. § 174.235(b) (requiring the prosecution to disclose "[r]esults of reports of . . . scientific tests or scientific experiments made in connection with the particular case, or copies thereof, within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the prosecuting attorney").

As Gipson makes clear, none of the items sought is new evidence and each is sought to support ground 4 of the current operative petition. Although Respondents argue that Gipson fails to state good cause for obtaining the items requested, they do not deny that the materials exist, that Gipson was legally entitled to them, that they were either previously disclosed or would have been accessible to trial counsel, or that the items could show that Gipson is entitled to relief on ground 4. Further, regarding item 4, allowing access to the cartridge casings, bullets, bullet jacket fragments, and/or bullet core fragments for testing purposes is consistent with *Jones*, in which the Ninth Circuit allowed testing of clothing and blood samples so the petitioner could "develop fully his ineffective assistance of counsel claim." 114 F.3d at 1009. As such, this Court concludes that Gipson has established good cause under Rule 6(a) for the discovery sought.[1]

---

[1] Regarding respondents' contention about this Court's alleged inability to consider the evidence sought on merits review, this Court finds that when and if it reaches a merits review in this action, it will address to
  (fn. cont...)

IV. Conclusion

It is therefore ordered that the motion for discovery **[ECF No. 35] is granted**. Petitioner Joshua J. Gipson may pursue discovery from the Las Vegas Metropolitan Police Department in connection with Eighth Judicial District Court case number C-19-338507, Las Vegas Event No. 170915-003876 and/or No. 170915-003879 of (1) a CSA Report detailing where the items in Impound Pkg #14079-1 were collected from, (2) copies of the bench reports, examiner notes, and examiner photographs for Firearms Reports 2017-10-30 (Lab Case #17.09232.1) and 2018-10-05 (Lab Case # 17-09232.2 – Lab Nos. 17-09232 & 18-00144), (3) whether the Las Vegas Metropolitan Police Department ever examined the three .40 caliber cartridge cases reportedly collected from the crime scene and given to police on March 2, 2019, per Officer Jones report for Event # 170915-003876, and if so, to receive copies of the bench reports, examiner notes, and examiner photographs, and (4) if items 2 and 3 are unavailable, release of .40 cartridge casings as well as all bullets, bullet jacket fragments, and bullet core fragments collected during the investigation in this case—specifically Event No. 170915- 3876 Impound Pkg Nos. 013177-2, 013177-3, 013177-4, 014079-1—to the Forensic Analytical Crime Lab at 2777 Depot Road, Suite 403, Hayward, California, 94545, for examination and testing.

It is further ordered that Gipson shall file a status report on the earlier of completion of discovery or within 45 days. Gipson will then have 30 days from the completion of discovery to file and serve his Second Amended Petition or any other appropriate motion.

Dated: September 19, 2024

_____
Cristina D. Silva
United States District Judge

---

what extent *Cullen v. Pinholster* and *Shinn v. Ramirez* limit the evidence this Court considers. This Court will not necessarily decide every potential procedural and merits issue in the case before it permits discovery of facts that may more fully inform its consideration of at least some of those issues later in the case.